IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ISRAEL LOPEZ | § | |
| | § | |
| VS. | § | C.A. NO. _____ |
| | § | |
| NAVIOS TANKERS MANAGEMENT, | § | JURY |
| INC. AND DONOUSSA SHIPPING | § | |
| CORP. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE DISTRICT JUDGE:

Plaintiff, ISRAEL LOPEZ, complains of NAVIOS TANKERS MANAGEMENT, INC. and DONOUSSA SHIPPING CORP., and would respectfully show as follows:

### I.
### JURISDICTION AND VENUE

1.01   This case falls within the diversity jurisdiction of this Court; the amount in controversy exceeds $75,000.00USD and Plaintiff and Defendants are diverse in citizenship pursuant to 28 U.S.C. § 1332(a)(2).

1.02   This action is brought "at law" pursuant to the "savings to suitors" clause set forth in 28 U.S.C. § 1333(l).  Plaintiff seeks relief under general maritime law, as extended by the Extension of Admiralty Jurisdiction Act of 1948, 46 U.S.C. § 30101, as well as 33 U.S.C. §§ 905(b) and 933 of the Longshore and Harbor Workers' Compensation Act ["LHWCA"].

1.03   Venue is proper because Plaintiff was injured while working alongside the *M/T NAVE UNIVERSE* owned and managed by Defendants, while the vessel was alongside a marine terminal within this District.

## II.
## PARTIES

2.01   Plaintiff, Israel Lopez, is a Texas resident.

2.02   Defendant *in personam*, NAVIOS TANKERS MANAGEMENT, INC. ["NAVIOS"](IMO 5553502), is a foreign entity duly organized, created and existing pursuant to the laws of some other country or countries. NAVIOS is the reported ISM manager, manager, owner *pro-hac vice*, and/or operator of the *M/T NAVE UNIVERSE*, and is subject to this Court's general and specific jurisdiction. NAVIOS has substantial and/or continuous and systematic activities with the United States – including the Southern District of Texas – and its negligence directly caused Plaintiff's injury in this District. NAVIOS does not have a regular place of business or a registered agent for service of process in Texas or this District and, therefore, may be served with process:

(a)   in compliance with Federal Rule of Civil Procedure 4 by mailing a copy of the documents to be served via registered or certified mail to:

The President or Officer in Charge of
Navios Tankers Management, Inc.
85, Akti Miaouli, 185 38
Piraeus, Greece

OR

(b)   pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents by mailing two copies of Request for Service Form together with two (2) copies of the documents (with translations thereof, if applicable) to be served to the Greek Central Authority:

Hellenic Ministry of Justice, Transparency & Human Rights
Directorate of Legislative Work, International Legal Relations and International Judicial Cooperation
Department of International Judicial Cooperation in Civil and Criminal Cases
96 Mesogeion Av.
Athens 11527
Greece

2.03    Defendant *in personam*, DONOUSSA SHIPPING CORP. ["DONOUSSA"](IMO 5748846), is a foreign entity duly organized, created and existing pursuant to the laws of some other country or countries. DONOUSSA is the reported registered owner, operator and/or manager of the *M/T NAVE UNIVERSE*, and is subject to this Court's general and specific jurisdiction. DONOUSSA has substantial and/or continuous and systematic activities with the United States – including the Southern District of Texas – and its negligence directly caused Plaintiff's injury in this District. DONOUSSA does not have a regular place of business or a registered agent for service of process in Texas or this District and, therefore, may be served with process:

(a)   in compliance with Federal Rule of Civil Procedure 4 by mailing a copy of the documents to be served via registered or certified mail to:

The President or Officer in Charge of
Donoussa Shipping Corp.
c/o Navios Tankers Management, Inc.
85, Akti Miaouli, 185 38
Piraeus, Greece

OR

(b)   pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents by mailing two copies of Request for Service Form together with two (2) copies of the documents (with translations thereof, if applicable) to be served to the Cypriot Central Authority:

Hellenic Ministry of Justice, Transparency & Human Rights
Directorate of Legislative Work, International Legal Relations and International Judicial Cooperation
Department of International Judicial Cooperation in Civil and Criminal Cases
96 Mesogeion Av.
Athens 11527
Greece

## III.
## FACTS

    3.01    On or about March 30, 2014, Plaintiff, employed as a ship chandler/vendor with Sun Coast Resources, was dispatched to deliver various 55-gallon drums of "Super Green" via flatbed truck to be loaded on board the *M/T NAVE UNIVERSE* ("Vessel") while alongside a marine terminal in Freeport, Texas.

    3.02    At approximately 12:45 a.m., Plaintiff came alongside the Vessel on the dock and positioned his truck under the Vessel crane to facilitate loading several pallets of 55-gallon drums from his truck to the Vessel. The Vessel's officer or crewmember provided Plaintiff with rigging/gear, and directed him on how to hook up the pallets in order for another crewmember to hoist same from the truck with the Vessel's crane. Immediately after rigging the pallet in accordance with the officer's or cremember's instructions, the second crewmember suddenly and rapidly hoisted the load off the truck overhead without allowing Plaintiff to clear the area. The crewmember's uncontrolled and erratic lifting of the pallet caused two drums to disconnect from the pallet and fall back down onto the truck—striking other drums into Plaintiff, causing him to fall from the flatbed to the dock surface below. Due to the fall, Plaintiff lost consciousness, and sustained serious injuries to his head, neck, back and other parts of his body.

    3.03    At the time of the accident, the Vessel's officers and/or crew maneuvering and/or operating the crane and, therefore, were actively involved with the work being conducted at the time of the incident. Additionally, and upon information and belief, the Vessel's officer's and/or crew exercised supervisory control over the lifting operation in question. Accordingly, the Vessel's equipment and operations remained under the active or shared care, custody, control, and/or direction of the Vessel and Defendants as her agents.

## IV.
## CAUSE(S) OF ACTION

### NEGLIGENCE

4.01   As a result of the negligent operation of the Vessel crane and/or inadequate equipment, Plaintiff was caused to sustain serious and permanent injuries to his person. Defendants and the Vessel crew were responsible for, in charge of, and/or exercised exclusive and/or shared control over the Vessel crane, gear, and related components, and breached their duty to Plaintiff by:

a.   failing to operate the crane in a safe and prudent manner;

b.   failing to provide proper and adequate gear to load the subject drums from the flatbed truck onto the Vessel;

c.   failing to allow Plaintiff to safely clear the area prior to hoisting an overhead load from the flatbed truck;

d.   failing to ensure that Plaintiff was safely clear of the area prior to hoisting an overhead load from the flatbed truck;

e.   failing to warn and/or prevent the risk posed to Plaintiff by negligently operating the crane and/or providing inadequate gear to load the subject drums, which either was known or should have been known to the Vessel and her agents through the exercise of reasonable care; and/or

f.   failing to properly train and/or supervise the crew in proper crane operation, rigging and loading of the subject drums.

4.02   Plaintiff has been caused to endure considerable pain and suffering, and as a result thereof, was obliged to obtain medical care and treatment, caused to lose time from his employment, and sustain the monetary and financial loss occasioned by said lost time from work. Plaintiff has been prevented, and in all likelihood will continue to be prevented, from engaging in his usual occupations, pastimes and pursuits which he would have engaged in but for the injury aforementioned.

4.03   Plaintiff would show the encountered condition is indicative that certain vessel equipment was non-compliant, unsafe and/or unreasonably dangerous – the hazard being brought on by and/or attributable to: lack of maintenance; not conducting inspections and replacement; not adhering to industry specifications, guidelines and standards; and/or inadequate monitoring.

4.04   Additionally, Defendants are liable for the subject accident and Plaintiff's injuries and damages by reason of their negligence and conditions attributable to it, directly and/or vicariously, by and through the Vessel and/or her agents, representatives and/or employees, in one or more of the following particulars:

- a. Failing to discharge the duties prescribed by 33 U.S.C. § 905(b);

- b. Failing to properly inspect, service, maintain and/or repair the Vessel crane and related components;

- c. Failing to warn of the improperly inspected, poorly maintained, and/or otherwise unrepaired condition(s) of the Vessel crane and related components - all dangers unknown to the longshoremen, yet known - or should have been known in the exercise of reasonable care - to the vessel owner, manager, operator, agents, representatives and/or employees;

- d. Failing to have the Vessel and its equipment in such condition that Plaintiff could safely carry out his duties with reasonable safety;

- e. Failing to warn Plaintiff of dangers that were unknown to Plaintiff, but were known to Defendants, or which should have been known by Defendants in the exercise of reasonable care;

- f. Failing to maintain the equipment and appurtenances of the Vessel in a reasonably safe condition;

- g. Failing to properly supervise, train, crew and man the Vessel;

- h. Failing to warn Plaintiff of harm from hazards that he encountered with equipment and/or appurtenances under the Vessel's active control;

- i. Failing to have in place sufficient and appropriate company policies to ensure safe operation and maintenance of the Vessel and its equipment/appurtenances;

6

j. Failing to comply with certain safety standards, statutes, and regulations designed to prevent incidents of this sort; and/or

k. Other acts so deemed negligent, particulars to be shown at trial of this cause.

4.05   Plaintiff would show that each of the foregoing, individually or collectively, constituted negligence, which was a proximate cause of his injuries and damages complained of herein.

4.06   Plaintiff's injuries were not culminated by any contributing fault of his own, but solely the defective, unsafe, and otherwise deplorable condition of the Vessel and its equipment and/or appurtenances - an environment brought about by the negligence of Defendants.

4.07   Plaintiff would further show that Defendant Donoussa is the alter ego of Defendant Navios, and that they may be treated as one and the same for purposes of ownership of the Vessel.

## V.
## DAMAGES

### PECUNIARY AND NON-PECUNIARY

5.01   As a result of these occurrences and negligent acts, Plaintiff sustained severe and permanent injuries to his neck, back, and other parts of his body.  In addition to the expenses incurred by him and incapacity to labor caused by his injuries, he has been put to much expense for treatment; such expense is still continuing and he is unable to state the full amount thereof.

5.02   Categorical damages which Plaintiff seeks to recover from Defendants include compensation for the following:

a. physical disability sustained by Plaintiff from the date of injury to the time of trial;

b. future physical disability reasonably anticipated to be sustained by Plaintiff in the future;

c. physical pain and suffering sustained by Plaintiff from the date of injury to time of trial;

d. physical pain and suffering which is reasonably anticipated to be suffered by Plaintiff in the future;

e. loss or earnings sustained by Plaintiff from the date of injury to time of trial;

f. loss of earnings and earning capacity reasonably anticipated to be suffered by Plaintiff in the future;

g. reasonable and necessary medical expenses incurred by Plaintiff in the treatment of Plaintiff's injuries from the date of injury to time of trial;

h. reasonable and necessary medical expenses reasonably anticipated to be sustained by Plaintiff in the future for treatment of Plaintiff's injuries;

i. past and future physical disfigurement; and

j. past and future physical impairment.

## VI.
## INTEREST

6.01   Plaintiff seeks pre-judgment and post-judgment interest as allowed by law.

## VII.
## JURY DEMAND

7.01   Plaintiff respectfully demands a jury.

## VIII.
## PRAYER

**WHEREFORE**, Plaintiff prays:

a. That upon final hearing, judgment may be entered in favor of Plaintiff against Defendants for the amounts of his individual and representative claims to be determined;

b. That judgment be entered against Defendants named herein for the amount of claims to be determined;

c. That he have pre-judgment and post-judgment interest and all costs of Court;

d. That this Honorable Court grant Plaintiff a Trial by Jury; and

  e.  That he have such other and further relief as the Court and justice may deem just and appropriate under the circumstances of the cause.

            Respectfully submitted,

            GILMAN ✸ ALLISON LLP

            /s/ Douglas T. Gilman
            Douglas T. Gilman
            Texas Bar No. 24048496
            Federal I.D. No. 19897
            dgilman@gilmanallison.com
            Brenton J. Allison
            Texas Bar. No. 24040417
            Federal I.D. No. 36863
            ballison@gilmanallison.com
            Michael S. Prejean
            Texas Bar No. 24092993
            Federal I.D. No. 2513911
            mprejean@gilmanallison.com
            2005 Cullen Blvd.
            Pearland, Texas 77581
            Telephone (713) 224-6622
            Facsimile (866) 543-3643

            **ATTORNEYS FOR PLAINTIFF**

**OF COUNSEL:**
GILMAN ✸ ALLISON LLP